UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL TAYLOR,

                Petitioner,

  -against-                            1:96-CV-1794
                                              (LEK)

UNITED STATES OF AMERICA,

                Respondent.

## MEMORANDUM-DECISION AND ORDER

Presently before this Court is a motion by Michael Taylor ("Petitioner" or "Taylor") pursuant to Federal Rule of Civil Procedure 60(b), provisions (5) and (6), seeking relief from the judgment in his criminal case and from the final order of Petitioner's first habeas proceeding pursuant to 28 U.S.C. § 2255, and a motion for a default judgment. For the following reasons, the motions are denied.

**I.    BACKGROUND**

On November 9, 1989, Petitioner was convicted after a jury trial of various charges for his participation in a major drug trafficking ring, involving numerous firearms, based in Saratoga Springs, New York. In particular, Petitioner was convicted of conspiracy to possess cocaine base, cocaine powder, heroin, and marijuana with intent to distribute in violation of 21 U.S.C. § 846 (Count 2), using or carrying a firearm during and in relation to the conspiracy charged in Count 2 in violation of 18 U.S.C. § 924(c)(1) (Counts 20-28), and using or carrying a firearm with a silencer or muffler in violation of 18 U.S.C. § 924(c)(1) (Count 31). Pet. Memo. (Dkt. No. 29) at ¶ 3. Petitioner was sentenced to 136 months for the conspiracy conviction, which was

1

ordered to run consecutively with 60-month concurrent sentences for each firearm conviction and a 120-month sentence on Count 31. Id. at ¶ 5. In a decision dated June 28, 1991, the Second Circuit Court of Appeals affirmed Petitioner's convictions in all respects. See United States v. Cephas, 937 F.2d 816 (2d Cir. 1991), cert. denied, 502 U.S. 1037 (1992).

On November 5, 1996, Petitioner sought to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "§ 2255 petition"). In a decision dated October 23, 1997, this Court vacated all of Petitioner's firearm convictions except for Count 31 in accordance with subsequent case law prohibiting multiple § 924(c)(1) convictions premised upon the number of firearms used by the defendant in the commission of a single predicate offense. Taylor v. United States, No. 96-CV-1794 (N.D.N.Y. Oct. 28, 1997) (the "§ 2255 Decision") (Dkt. No. 10). The Court also denied Petitioner's challenges: (1) that jury instructions pertaining to the § 924(c)(1) conviction were erroneous; (2) that the evidence at trial was insufficient to support the § 924(c)(1) conviction; (3) that the indictment was constructively amended in violation of the Fifth Amendment; and (4) that he received ineffective assistance of counsel. Id. On January 5, 1998, Petitioner's motion for reconsideration and application for a certificate of appealability were denied. Jan. 5, 1998 Order (Dkt. No. 18).

In 1998, Petitioner sought permission of the Court of Appeals to bring a second or successive habeas petition pursuant to 28 U.S.C. § 2255. That request was denied by the Court of Appeals on September 17, 1999. Second § 2255 Dec. (Dkt. No. 23). Petitioner then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to vacate the firearm conviction in light of the Supreme Court's decision in Muscarello v. United States, 524 U.S. 125 (1998). See Taylor v. Nash, 6:00-CV-0131 (TJM/GJD). In a decision and order dated March 22, 2000, District Judge Thomas J. McAvoy dismissed the petition. Petitioner has subsequently filed

another four writs of habeas corpus pursuant to 28 U.S.C. § 2241 in the Northern District of New York, all challenging the firearm conviction in light of Muscarello.  See Taylor v. Nash, 9:00-CV-0796 (LEK/RFT); Taylor v. Nalley, 9:02-CV-0486 (NAM/GJD); Taylor v. Nalley, 9:02-CV-0904 (LEK/GJD); Taylor v. Nalley, 9:02-CV-1044 (LEK/GJD).  All have been dismissed for the same reasons as those found by Judge McAvoy.

Petitioner has now filed this motion pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") seeking relief from the judgment in the criminal case and the final order of his § 2255 petition on the grounds that his § 924(c)(1) conviction is in violation of the Supreme Court's decision in Muscarello v. United States, 524 U.S. 125 (1998).  Pet. Memo. (Dkt. No. 29) at ¶¶ 5-9.  Petitioner has also moved for a default judgment on the grounds that Respondent has failed to file a response to his amended motion.  Motion for Default (Dkt. No. 31).

**II.   DISCUSSION**

    A.   Rule 60(b)

Federal Rule of Civil Procedure 60(b)[1] provides courts with a mechanism by which they

---

[1] Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

FED R. CIV. P. 60(b).

may relieve a party from a final judgment.  F̲ED̲ R. C̲IV̲. P. 60(b).  Petitioner cites Rule 60(b)(5) and (6) in his memorandum as grounds on which he seeks relief.  See Pet. Memo. (Dkt. No. 29) at ¶¶ 1-2.  Under Rule 60(b)(5), a party may be relieved from a judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."  F̲ED̲ R. C̲IV̲. P. 60(b)(5).  Rule 60(b)(6) provides relief for "any other reason justifying relief from the operation of the judgment."  F̲ED̲. R. C̲IV̲. P. 60(b)(6).

      B.      Difference Between A Motion Under Rule 60(b) and Petition Pursuant to 28 U.S.C. § 2255

In the Second Circuit, a motion under Rule 60(b) does not per se constitute a second or successive habeas petition under § 2255.  See 28 U.S.C. § 2255; 28 U.S.C. § 2244(b); Rodriguez v. Mitchell, 252 F.3d 191, 198 (2d Cir. 2001).  "A motion under Rule 60(b) and a [§ 2255 petition] have different objectives."  Rodriguez, 252 F.3d at 198.  A § 2255 petition seeks to vacate, set aside or correct a sentence imposed by the federal court.  A motion pursuant to Rule 60(b) does not seek such relief.  "It seeks only to vacate the federal court judgment dismissing the habeas petition.  The grant of such a motion would not have the effect of invalidating the [federal] conviction.  It would merely reinstate the [previous] petition for habeas, opening the way for further proceedings seeking ultimately to vacate the [federal] conviction."  Id.  Therefore, courts will only decide a motion under Rule 60(b) if it relates "to the integrity of the federal habeas proceeding, not the integrity of the . . . criminal trial."  Id. at 199 (where the court decided a Rule 60(b) motion on the merits when petitioner alleged that his attorney made fraudulent representations to the habeas court); see also Harris v. United States, 367 F.3d 74, 80 (2d Cir.

2004) (petitioner alleged that his counsel at the habeas petition was ineffective); Moses v. United States, 90 Cr. 863 (RPP), 2005 U.S. Dist. LEXIS 1743, at *10 (S.D.N.Y. Feb. 7, 2005) (petitioner alleged that the habeas court erred by procedurally barring two of his four ineffective assistance of counsel claims); Roccisano v. United States, 03 Civ. 1459 (RJW), 2003 U.S. Dist. LEXIS 10119, at *7-8 (S.D.N.Y. June 16, 2003) (petitioner alleged that the government misrepresented facts and committed fraud at the habeas proceeding).

If a motion relates to the integrity of the criminal trial and not the prior habeas proceeding, the motion is in actuality a § 2255 petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[2]. Gitten v. United States, 311 F.3d 529, 533 (2d Cir. 2002). The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. See 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A).[3] Without authorization, the district court lacks jurisdiction to consider a second or successive petition. See Corrao v. United States, 152 F.3d 188, 190 (2d Cir. 1998).

In Gitten, 311 F.3d at 530, the Second Circuit Court of Appeals noted that a district court "has some flexibility in handling" a motion for reconsideration under Rule 60(b), but cautioned that the court "must be careful not to precipitously treat a Rule 60(b) motion as a second

---

[2] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[3] The appellate court, in turn, must certify that the second or successive § 2255 motion contains: "(1) newly discovered evidence that, if proven and viewed in [the] light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

collateral attack requiring referral to [the Court of Appeals] to discharge its 'gatekeeping' function under 28 U.S.C. § 2244 concerning successive applications for habeas corpus." Gitten, 311 F.3d at 530.

    C.    Analysis of Petitioner's Claim

Petitioner contends that the trial evidence failed to prove that he carried a firearm "during and in relation to" a drug trafficking crime and that therefore, under Muscarello v. United States, 524 U.S. 125 (1988), the trial evidence was insufficient to merit conviction under 18 U.S.C. § 924(c)[4]. Pet. Memo. (Dkt. No. 29) at ¶¶ 17-23.

To the extent that Petitioner's claim seeks to challenge the integrity of the underlying criminal conviction and not his prior § 2255 petition, relief under Rule 60(b) must be denied. Such a challenge would in reality be a second or successive habeas petition "parading as" a Rule 60(b) motion. See Parke v. United States, 5:97-CV-526, 2004 U.S. Dist. LEXIS 2202, at *12 (N.D.N.Y. Feb. 17, 2004) (McCurn, D.J.). Rule 60(b) does not provide an alternative vehicle for a federal prisoner to collaterally challenge his conviction and sentence when, as here, the prisoner has failed to satisfy the procedural requirements of 28 U.S.C. § 2255. In short,

> [p]risoners cannot avoid the AEDPA's rules by inventive captioning . . . . Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare

---

[4] At the time of Petitioner's conviction, Section 924(c) provided in relevant part:

    (1) Whoever, during and in relation to any crime of violence or drug trafficking crime . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm . . . is equipped with a silencer or firearm muffler, to imprisonment for ten years.

18 U.S.C. § 924(c)(1) (1986).

> impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). If Petitioner wishes to have the substance of his challenges to the underlying conviction considered, he needs to gain the authorization of the Second Circuit Court of Appeals to file a second or successive § 2255 petition.

In making his claim that the firearm conviction is in violation of Muscarello v. United States, 524 U.S. 125 (1998), Petitioner does contend that the Court erred in his prior § 2255 proceeding in concluding that the trial evidence was sufficient to support the finding that Petitioner carried the firearm for the purposes of the § 924(c)(1) conviction. Pet. Memo. (Dkt. No. 29) at ¶¶ 14-17. Petitioner asserts that at the time Petitioner's prior § 2255 motion was decided by this Court, the "Second Circuit limited the scope of the carry to an instance where a firearm is 'immediately accessible'." Id. at ¶ 12. Taylor argues that the Supreme Court, in deciding Muscarello, rejected this view and found that to prove the carry element for the purposes of § 924(c)(1), the Government was required to demonstrate that the firearm was carried "during and in relation to" the drug trafficking crime. Id. at ¶ 13. Petitioner believes that this constitutes an intervening change in law and that since he believes his possession of the firearm was not "during and in relation to" the drug trafficking crime, the judgment of his prior § 2255 motion is "no longer equitable" and he should be relieved from it. Id. at ¶¶ 21-23.

As Petitioner's argument in this regard is addressed to the judgment of his prior § 2255 motion, the Court will address whether relief under Rule 60(b) is appropriate. Contrary to Petitioner's assertions, the Supreme Court's decision in Muscarello did not provide new insight into the need to prove that the use or carriage of a firearm was "during or in relation to" the drug

7

trafficking crime under 18 U.S.C. § 924(c). The Second Circuit, in addressing this same argument brought by one of Petitioner's codefendants under a motion pursuant to 28 U.S.C. § 2241, stated that:

> [t]he need to prove a relationship between the predicate crime and the use or carrying of a firearm to convict a defendant pursuant to § 924(c) was well established at the time of [the codefendant's] conviction. In United States v. Feliz-Cordero, 859 F.2d 250 (2d Cir. 1988), this court cited to the same legislative history as the Supreme Court in Muscarello and concluded that the "during and in relation to" requirement of § 924(c) requires more than mere possession of a firearm. Rather, there must be some relation or connection between the firearm and the underlying crime. The necessary relation or connection . . . is established "if from the circumstances or otherwise it could be found that the defendant intended to use the gun if a contingency arose or to make his escape."

Cephas v. Nash, 328 F.3d 98, 106 (2d Cir. 2003) (quoting Feliz-Cordero, 859 F.2d at 254).

Furthermore, Petitioner raised the issue of whether the use or carriage of the firearm occurred "during and in relation to" the drug trafficking crime in his § 2255 motion. The Court, however, found that the argument was procedurally barred as a result of Petitioner's failure to raise the argument on direct appeal. See § 2255 Decision (Dkt. No. 10) at 10 ("The petitioners may not, however, raise the contention that they were convicted of violations of § 924(c)(1) for the use or carriage of firearms that did not occur 'during and in relation to any . . . drug trafficking crime.' . . . [T]hus petitioners cannot thus show cause for failing to raise this argument on direct appeal."). As such, Petitioner has not shown that there has been any intervening change in law regarding the "during and relation to" requirement of § 924(c)(1) which would warrant relief under either Rule 60(b)(5) or Rule 60(b)(6).

In conclusion, having found that a portion of Petitioner's claim is seeking to attack the underlying conviction and not the prior habeas proceeding, case law dictates that the district court may not recharacterize the motion as a second or successive collateral attack and transfer it

8

to the court of appeals for possible authorization without informing the prisoner and affording a sufficient opportunity to avoid the transfer. Gitten, 311 F.3d at 534. The court may simply deny the motion attacking the underlying conviction "as beyond the scope of Rule 60(b)." Id. Therefore, to the extent that Petitioner's motion for relief from judgment is seeking to attack the underlying conviction, the Court denies the motion as beyond the scope of Rule 60(b). To the extent that Petitioner's motion pursuant to Rule 60(b) is attacking the integrity of the habeas proceeding, relief is denied for failing to meet the requirements of Rule 60(b).

    D.    Petitioner's Motion for a Default Judgment

Petitioner has also moved for a default judgment on the grounds that Respondent has failed to file a response to his amended motion. Motion for Default (Dkt. No. 31). Respondent did file a response to the Petitioner's original motion under Rule 60(b), but did not file a response after Petitioner amended his motion. See Response (Dkt. No. 28). The motion for a default judgment is denied.

Petitioner's belief that the Respondent's failure to respond automatically entitles him to the relief requested under Rule 60 is in error. Nothing in the Federal Rules of Civil Procedure or the local rules of this District requires a court to grant a motion by default simply because the nonmoving party fails to respond. Northern District of New York Local Rule 7.1(b)(3) provides that:

> [w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

N.Y.N.D.L.R. 7.1(b)(3); see also Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (stating that even if a motion is unopposed, a "district court must still assess

whether the moving party has fulfilled its burden of demonstrating . . . its entitlement to judgment as a matter of law"). As already discussed, Petitioner has failed to meet its burden to demonstrate entitlement to relief under Rule 60(b), and therefore Petitioner's motion for a default judgment is denied.

### III.   CONCLUSION

Accordingly, it is hereby

ORDERED that Petitioner's Motion for Relief from Prior Judgment (Dkt. No. 29) is **DENIED**; and it is further

ORDERED that Petitioner's Motion for Default Judgment (Dkt. No. 31) is **DENIED**; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:      December 08, 2005
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge